THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UPTOWN CHEAPSKATE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DDM FASHIONS #1, LLC, a Texas corporation; RICHARD DAVID MANLEY, an individual; and MAYTE KOZIOL MANLEY, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [18] DEFENDANTS' MOTION TO STAY AND COMPEL ARBITRATION AND DENYING [4] PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Case No. 2:22-cv-00360-DBB<br><br>District Judge David Barlow |

This matter is before the court on Defendants DDM Fashions #1, LLC ("DDM"), Richard David Manley ("Mr. Manley), and Mayte Koziol Manley's ("Ms. Manley) (collectively "Defendants") Motion to Stay and Compel Arbitration,[1] and Plaintiff Uptown Cheapskate, LLC's ("Uptown") Motion for a Preliminary Injunction.[2] Having considered the briefing and relevant law, the court concludes that the motions may be resolved without oral argument.[3] For the reasons stated below, the court grants the motion to stay and compel arbitration and denies as moot the motion for a preliminary injunction.

## BACKGROUND

Uptown is a Utah corporation that is the franchisor of the Uptown Cheapskate chain.[4] In July 2016, Uptown and Defendants entered into a franchise agreement (the "Agreement") that

---

[1] Mot. Stay & Compel Arbitration ("Mot. Stay & Compel"), ECF No. 18, filed July 20, 2022.
[2] Mot. Prelim. Inj. 2, ECF No. 4, filed May 26, 2022.
[3] *See* DUCivR 7-1(g).
[4] Compl. ¶ 1, ECF No. 2, filed May 25, 2022.

allowed Defendants to operate an Uptown franchise in Texas.[5] As part of the Agreement, "the parties . . . considered, and agree[d] to [an] out-of-court dispute resolution procedure to be followed in the event any claim, controversy or dispute . . . arising out of or relating to this Agreement, including any addendums or amendments."[6]

The dispute resolution process had three stages: correspondence, in-person meeting, and mediation/arbitration. First, either party could initiate correspondence by sending a certified letter "indicating the issue(s) in [d]ispute and the proposed manner in which to settle them."[7] If the parties could not resolve the matter through correspondence, then the parties would meet face-to-face.[8] Should the parties still fail to reach a resolution, the parties "agree[d] to submit to binding mediation."[9] In this step, the mediator would be "granted broad discretionary powers as an arbitrator to achieve a fair resolution."[10] "The mediator, acting as an arbitrator w[ould] render a binding, written 'Final Mediation Decision' on the [d]ispute, which shall be . . . an enforceable arbitration award in any Utah court of competent jurisdiction."[11] Finally, the parties agreed that any arbitration award would be limited to termination of the franchise agreement, "[a]ny other appropriate equitable relief[,]" and "[d]amages not to exceed the franchise fee."[12]

The franchise was terminated on April 30, 2022.[13] Uptown filed its Complaint on May 25, 2022, alleging federal trademark infringement, unfair competition, breach of covenant not to

---

[5] *Id.* ¶¶ 11–12; Franchise Agreement ("Agreement") 55, ECF No. 2-2, filed May 25, 2022.
[6] Agreement 49.
[7] *Id.* at 50.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 51.
[12] *Id.*
[13] Mot. Prelim. Inj. 2.

compete, breach of contract post-termination obligations, and violation of the Utah Trade Secrets Act.[14] The next day, Uptown moved for a preliminary injunction.[15] Uptown asked the court to restrain Defendants from using Uptown's trademarks without a license and to enforce the Agreement's covenant against competition and post-termination obligations.[16] On July 20, 2022, Defendants filed their Answer[17] and a motion to stay judicial proceedings and compel arbitration.[18]

## STANDARD

The Federal Arbitration Act ("FAA") "manifests a liberal federal policy favoring arbitration."[19] Indeed, the Supreme Court has recognized the "overriding federal policy favoring arbitration."[20] "Arbitration is a matter of contract and arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration."[21] "The FAA provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"[22] In ruling on a motion to compel arbitration, "courts must resolve 'whether the

---

[14] Compl. ¶¶ 48–87.
[15] Mot. Prelim. Inj. 1.
[16] *Id.* at 25.
[17] Answer, Affirmative Defenses & Countercls. ("Answer"), ECF No. 19, filed July 20, 2022.
[18] Mot. to Stay & Compel.
[19] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 20 (1991) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).
[20] *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (quoting *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir. 1968), *abrogated by Morgan*, 142 S. Ct. 1708); *see Reeves v. Enter. Prod. Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021) ("Federal courts have a 'liberal federal policy favoring arbitration agreements.'" (quoting *Nat'l Am. Ins. Co. v. SCOR Reins. Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004))).
[21] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (cleaned up); *see Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1192 (10th Cir. 2020).
[22] *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1201 (10th Cir. 2016) (quoting 9 U.S.C. § 2).

parties are bound by a given arbitration clause' and 'whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'"[23]

## DISCUSSION

It is undisputed that Uptown and Defendants signed the Agreement with a provision directing dispute resolution and binding mediation in the event of "*any* claim, controversy or dispute."[24] Because the provision is a broad arbitration clause, it applies to the instant litigation.[25] Neither party disputes that the arbitration clause applies and is enforceable: even Uptown concedes that the parties "should proceed to arbitration as provided in the . . . Agreement."[26] Since there is no dispute as to the provision's applicability, the only issue involves Uptown's motion for a preliminary injunction.

Uptown contends that because Defendants never responded to its motion, the motion is unopposed and must be granted before staying the proceedings so that an arbitrator, once selected, can "consider the propriety of [the] injunction."[27] Uptown asserts that the court's failure to grant their motion for an injunction would lead to "irreparable harm" that "will be done by the time an arbitrator is appointed and has an opportunity to consider the issue."[28] In essence, it argues that the court should enjoin Defendants to "preserve the status quo" before the parties comply with the dispute resolution process.[29]

---

[23] *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1250 (10th Cir. 2018) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)); *see* 9 U.S.C. § 3.
[24] *See* Mot. Stay & Compel 5; Memorandum in Opp'n to Mot. to Stay & Compel Arbitration ("Opp'n") 3–4, ECF No. 20, filed Aug. 10, 2022; Agreement 49 (emphasis supplied).
[25] *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 399–400 (1967); *In re Cox Enters.*, 835 F.3d at 1200 (finding a broad form clause in a provision that referred to arbitration "any and all claims or disputes between us . . . that arise out of or any way relate to . . . this Agreement").
[26] Opp'n 5.
[27] *Id.* at 4.
[28] *Id.* at 3–4.
[29] *Id.* at 4.

4

Defendants respond that the Agreement's dispute resolution and binding mediation provision is dispositive. They argue that "the Court has no authority to grant injunctive [relief] because [Uptown] has already delegated its right to seek this remedy to the arbitrator," who has "broad discretionary powers as an arbitrator to achieve a fair resolution" to include granting "appropriate equitable relief."[30]

Uptown relies on *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton* for the proposition that "a preliminary injunction preserving the status quo until the arbitration panel takes jurisdiction does not violate § 3 [of the FAA]."[31] The case is inapposite. In *Dutton*, the district court granted a temporary restraining order because the employment contract provided that the parties "consent[ed] to the issuance of a temporary restraining order or preliminary or permanent injunction to prohibit the breach of any provision of this contract, or to maintain the status quo pending the outcome of any arbitration proceeding which may be initiated."[32] Only after the court entered the restraining order and the plaintiff moved for an injunction did the defendant argue that the preliminary injunction "invade[d] the authority of an arbitration panel and thus interfere[d] with the policy of the Federal Arbitration Act encouraging arbitration."[33] Here, the parties have not consented to a pre-arbitration restraining order. Instead, the parties entered into an Agreement requiring the parties to participate in a dispute resolution process—potentially culminating in an arbitration—if "any claim, controversy, or dispute" arises.[34]

---

[30] Reply 2, ECF No. 25, filed Aug. 23, 2022; Agreement 50–51.
[31] 844 F.2d 726, 727 (10th Cir. 1988).
[32] *Id.*
[33] *Id.*
[34] Agreement 49.

The court is not aware of any authority, and Uptown cites none, that a district court must grant a preliminary injunction before compelling arbitration. Instead, it is clear that courts may deny injunctive relief as moot when the court grants a corresponding motion to compel arbitration.[35] As Uptown has conceded, the Agreement bound the parties to seek dispute resolution and, if needed, binding mediation or arbitration as soon as there was a claim, controversy, or dispute.[36] Uptown's May 25, 2022 Complaint clearly indicated a dispute.[37] Instead of filing suit, Uptown should have followed the Agreement's dispute resolution process by sending a certified letter to Defendants "indicating the issue[s] in [d]ispute and the proposed manner in which to settle them."[38] Uptown has identified nothing in the Agreement that permits it to seek a preliminary injunction in court instead of following the Agreement's required dispute resolution process.

Uptown offers no credible argument against granting Defendants' motion to compel arbitration. In essence, Uptown's response is a continuation of its motion for a preliminary injunction. It urges this court to address the merits of its motion, and by extension, the dispute.[39]

---

[35] *See Grasso Enters., LLC v. CVS Health Corp.*, 143 F. Supp. 3d 530, 543 (W.D. Tex. 2015) ("Simply put, there is no case that would require this Court to issue a ruling on the preliminary injunction motion even though it has ordered the case proceed in arbitration."); *The O.N. Equity Sales Co. v. Thiers*, 590 F. Supp. 2d 1208, 1213 (D. Ariz. 2008) (denying motion for preliminary injunction as moot after granting motion to compel arbitration).
[36] Agreement 49.
[37] *See Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607 (10th Cir. 2011) (unpublished) (rejecting a lower court's conclusion that "an arbitrable dispute does not exist unless and until the defendant files a responsive pleading in litigation").
[38] Agreement 50.
[39] *See First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (stating that to obtain a preliminary injunction, the party has to first show that "the movant is substantially likely to succeed on the merits").

Yet Uptown should not be able to circumvent mediation and arbitration by filing a motion for a preliminary injunction without first participating in the dispute resolution process.[40]

Finally, Uptown argues that Defendants have not filed an opposition to its motion for a preliminary injunction.[41] This argument is unavailing. Uptown offers no authority for the proposition that a court must automatically grant a preliminary injunction when an opposing party fails to respond.[42] To consider the motion, the court would have to address the merits of the case, which should be done by the appointed arbitrator pursuant to the Agreement.[43] Indeed, "the judicial inquiry requisite to determine the propriety of injunctive relief necessarily would inject the court into the merits of issues more appropriately left to the arbitrator."[44] The court will not permit Uptown to litigate when it should be following the dispute resolution process to which it is contractually bound.[45]

---

[40] *See Scripps v. Agency for Performing Arts, Inc.*, No. 3:18-cv-00381, 2018 WL 3322307, at *7 (M.D. Tenn. May 8, 2018) (concluding that "granting Plaintiff an injunction would circumvent the arbitration agreement by involving the Court in some of the merits of the dispute").
[41] *See* Opp'n 3, 5.
[42] *See 3M Co. v. Nationwide Source Inc.*, No. 20-cv-2694, 2021 WL 141539, at *6 (D. Minn. Jan. 15, 2021) (addressing the merits of the preliminary injunction motion despite the opposing party's failure to respond); *Henry-Bey v. Champery Real Est. 2015, LLC*, No. 18-cv-80953, 2018 WL 7824480, at *4 (S.D. Fla. Aug. 17, 2018) ("Irrespective of whether [the d]efendants . . . timely responded, I would not grant [the p]laintiff's Motion for TRO and Preliminary Injunction."). In any event, Defendants did respond by filing a motion to stay and compel arbitration. *See Lamkin*, 440 F. App'x at 608 ("[R]equiring a party to file an answer denying material allegations in the complaint and asserting potential affirmative defenses—in short, formally and substantively *engaging in the merits of the litigation*—in order to enforce its right *not to litigate* is a non-sequitur.").
[43] *See* Agreement 49–51.
[44] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1292 (8th Cir. 1984).
[45] *See TK Servs., Inc. v. RWD Consulting, LLC*, 263 F. Supp. 3d 64, 74 (D.D.C. 2017) ("Since the merits of the contract dispute and the preliminary injunction requested in this case are inextricably intertwined, the Court cannot treat the motion for a preliminary injunction separately from the complaint to which it is attached, and it must dismiss the case.").

## ORDER

For the foregoing reasons, Defendants' Motion to Stay and Compel Arbitration[46] is GRANTED. This action is STAYED in its entirety pending final resolution of the arbitration. Accordingly, the court DENIES Plaintiff's Motion for Preliminary Injunction[47] as moot. The court ORDERS the parties to report on the status of arbitration on January 2, 2023, and then every 90 days thereafter until the parties report that arbitration is completed.

Signed October 3, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[46] ECF No. 18.
[47] ECF No. 4.